IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIE A. WILSON and WILMA J. WILSON, as heirs at law of WILLIE DARRYL GLEEN WILSON, deceased,<br><br>and<br><br>MARK S. WILSON as the Personal Representative of the Estate of WILLIE DARRYL GLEEN WILSON, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>ALPHA TRANSPORT, INC.,<br>**Serve Registered Agent at:**<br>Kashif Iqbal Siddiqui<br>13414 College Boulevard<br>Lenexa, KS 66210<br><br>and<br><br>ANTONIO DEFRANCO,<br>**Serve at:**<br>29250 US Highway 19 North<br>Clearwater, FL 33763<br>Defendants. | Case No.: 2:17-cv-02667 |

## **COMPLAINT**

COME NOW plaintiffs, Willie A. Wilson and Wilma J. Wilson as heirs at law of Willie Darryl Gleen Wilson, deceased and Mark S. Wilson as the Personal Representative of the Estate of Willie Darryl Gleen Wilson, deceased, and for their causes of action against defendants Alpha Transport, Inc., ("Alpha Transport") and Antonio DeFranco ("DeFranco"), allege and state as follows:

1. These wrongful death and survival causes of action arise out of a collision involving a tractor/trailer rig and an SUV occurring on July 17th, 2017 in Johnson County, Kansas.

## PARTIES

2. Plaintiff Willie A. Wilson and Wilma J. Wilson are the surviving parents of Willie Darryl Gleen Wilson and are citizens and residents of Jackson County, Missouri. They bring a wrongful death cause of action pursuant to K.S.A. § 60-1901 *et seq.* for the benefit of themselves. There are no other heirs of Willie Darryl Gleen Wilson.

3. Mark A. Wilson is the Personal Representative *In the Matter of the Estate of Willie D. Gleen Wilson, Deceased*, Jackson County, Missouri, Case No. 17P8-PR01169. Willie Darryl Gleen Wilson was a citizen and resident of Jackson County, Missouri, at the time of his August 12th, 2017 death. As the Personal Representative of the Estate, Mark A. Wilson, brings a survival cause of action on behalf of Willie Darryl Gleen Wilson, pursuant to K.S.A. § 60-1801.

4. Defendant Alpha Transport is a Kansas Corporation with its principal place of business in Kansas. Defendant Alpha Transport is and was transacting business in the State of Kansas and acting as a for-hire motor carrier at all times material and relevant herein, whose registered agent is Kashif Iqbal Siddiqui, 13414 College Boulevard, Lenexa, Kansas.

5. Defendant DeFranco is a citizen and resident of Pinellas County, Florida. He was working as a professional, for-hire, driver of a commercial motor vehicle at all times relevant herein

## JURISDICTION AND VENUE

6. The United States District Court for the District of Kansas has original jurisdiction in this action pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over defendant Alpha Transport as defendant Alpha Transport is a truckload carrier involved in the business of interstate trucking, operates in Kansas and committed a tortious act in Kansas. Furthermore, as an interstate truckload carrier with routes in Kansas, defendant Alpha Transport's contacts with Kansas include establishing business relations with Kansas businesses, making and performing contracts within Kansas, employing drivers, and receiving payments for their delivery, thereby economically benefiting from the state of Kansas. Moreover, its truckload carrier invokes the benefits and protections of Kansas laws each time it follows a route on Kansas roads and highways. Kansas has a significant interest in regulating business and traffic within its borders. Defendant Alpha Transport committed tortious acts in the State of Kansas.

8. This Court has personal jurisdiction over defendant DeFranco because he committed a tortious act in Kansas.

9. Venue is proper in the United States District Court for the District of Kansas, Kansas City, Kansas, Division pursuant to 28 U.S.C. § 1391(b)(2), as the fatal collision occurred in Kansas.

## FACTUAL ALLEGATIONS

10. On July 17th, 2017, Willie Darryl Gleen Wilson was driving a 1999 Isuzu Rodeo eastbound on Interstate 435 in Johnson County, Kansas, about .4 miles east of US Highway 69.

11. At the same time and place, defendant DeFranco was driving a tractor/trailer rig owned and operated by defendant Alpha Transport, also eastbound on Interstate 435.

12. At 2:15 p.m., .4 miles east of US Highway 69, I435 was under construction having two lanes cross over onto the westbound side into a single lane. Willie Darryl Gleen Wilson was stopped in the construction zone.

13. Defendant DeFranco negligently, carelessly and recklessly struck the back of Willie Darryl Gleen Wilson's SUV, then struck a concrete barrier on the right side.

14. The collision between the tractor/trailer rig and SUV, caused severe personal injuries to Willie Darryl Gleen Wilson that resulted in his death.

## AGENCY

15. At all times material and relevant hereto, defendant DeFranco was an employee of defendant Alpha Transport, and the acts and omissions of defendant DeFranco described herein occurred during the course and within the scope of his employment with defendant Alpha Transport.

16. Defendant Alpha Transport is vicariously liable for the negligent, careless and reckless acts and omissions of its employee, defendant DeFranco.

## COUNT I – WRONGFUL DEATH – DEFENDANT DEFRANCO

17. Plaintiffs Willie A. Wilson and Wilma J. Wilson, heirs at law of Willie Darryl Gleen Wilson incorporate by reference the allegations in paragraphs 1 through 16 of this Complaint as though fully set forth below.

18. Defendant DeFranco had a legal duty to decedent and other users of the road to comply with all motor vehicle laws and regulations applicable to his activities, as well as applicable industry practices and standards.

19. Defendant DeFranco had a legal duty to plaintiffs to exercise the reasonable care of a professional for-hire, driver of a commercial motor vehicle while operating the aforementioned tractor/trailer rig on behalf of defendant Alpha Transport.

20. Defendant DeFranco breached his legal duty to plaintiffs and was thereby negligent in one or more of the following respects:

      a. Failing to keep a lookout;

      b. In following to closing;

      c. In failing to control speed; and,

      d. In such other ways as may be proved by the evidence.

21. As a direct and proximate result of defendant DeFranco's negligent and reckless conduct described above, Willie Darryl Gleen Wilson suffered severe and devastating injuries that led to his death on August 12th, 2017.

22. As a direct and proximate result of Willie Darryl Gleen Wilson's death, Plaintiffs Willie A. Wilson and Wilma J. Wilson, heirs of Willie Darryl Gleen Wilson, have sustained and will continue to sustain non-pecuniary and pecuniary damages, including, but not limited to, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss of services, loss of comfort, loss of protection, loss of care, loss of

attention, loss of advice, loss of counsel, loss of a complete family, loss of financial support and funeral expenses.

23. The death of Willie Darryl Gleen Wilson on August 12th, 2017, and the resulting non-pecuniary and pecuniary damages sustained by Plaintiffs Willie A. Wilson and Wilma J. Wilson, heirs of Willie Darryl Gleen Wilson, were directly and proximately caused by the negligence and carelessness of defendant DeFranco.

## COUNT II – WRONGFUL DEATH – DEFENDANT ALPHA TRANSPORT

24. Plaintiffs Willie A. Wilson and Wilma J. Wilson, heirs at law of Willie Darryl Gleen Wilson incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint as though fully set forth below.

25. Defendant Alpha Transport had a legal duty to plaintiffs to exercise reasonable care in hiring, retaining, supervising, educating, training and instructing its tractor/trailer rig drivers on the reasonable, safe operation of tractor/trailer rigs.

26. Defendant Alpha Transport, by and through its agents, servants and employees, breached its duties to plaintiffs and was thereby negligent in one or more of the following respects:

    a. Negligently hiring defendant DeFranco by failing to properly investigate his background, by failing to properly investigate his driving record generally and as a commercial truck driver, by failing to properly investigate his experience and training as a commercial truck driver, by failing to properly test his skills as a commercial truck driver, by failing to properly investigate his previous employment generally and as a commercial truck driver and by

        failing to properly determine his ability to safely operate a tractor/trailer rig. Plaintiffs believe the allegations of this specific sub-paragraph of negligent hiring of defendant DeFranco by defendant Alpha Transport will likely have evidentiary support after a reasonable opportunity for further investigation and formal discovery;

    b.    Negligently training and supervising defendant DeFranco by failing to institute appropriate policies and procedures for the safe operation of defendant Alpha Transport tractor/trailer rigs, by failure to properly train, instruct and supervise defendant DeFranco on the safe operation of his Alpha Transport tractor/trailer rig. Plaintiffs believe that the allegations of this specific sub-paragraph of negligent training and supervision of defendant DeFranco by defendant Alpha Transport will likely have evidentiary support after a reasonable opportunity for further investigation and formal discovery;

    c.    Failing to keep a lookout;

    d.    In following to closing;

    e.    In failing to control speed; and,

    f.    In such other ways as may be proved by the evidence.

27. As a direct and proximate result of defendant Alpha Transport's conduct, Willie Darryl Gleen Wilson suffered severe and devastating injuries that led to his death on August 12th, 2017.

28. As a direct and proximate result of Willie Darryl Gleen Wilson's death, Plaintiffs Willie A. Wilson and Wilma J. Wilson, heirs of Willie Darryl Gleen Wilson, have sustained and will continue to sustain non-pecuniary and pecuniary damages, including, but not limited to, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss of services, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel, loss of a complete family, loss of financial support and funeral expenses.

29. The death of Willie Darryl Gleen Wilson on August 12th, 2017, and the resulting non-pecuniary and pecuniary damages sustained by plaintiffs Willie A. Wilson and Wilma J. Wilson, heirs of Willie Darryl Gleen Wilson, were directly and proximately caused by the negligence and carelessness of defendant Alpha Transport.

### COUNT III – SURVIVAL – DEFENDANT DEFRANCO

30. Plaintiff Mark A. Wilson, as the Personal Representative of the Estate of Willie Darryl Gleen Wilson, Deceased, incorporates by reference the allegations in paragraphs 1 through 29 of this Complaint as though fully set forth below.

31. Defendant DeFranco had a legal duty to decedent and other users of the road to comply with all motor vehicle laws and regulations applicable to his activities, as well as applicable industry practices and standards.

32. Defendant DeFranco had a legal duty to plaintiff to exercise the reasonable care of a professional for-hire, driver of a commercial motor vehicle while operating the aforementioned tractor/trailer rig on behalf of defendant Alpha Transport.

33. Defendant DeFranco breached his legal duty to plaintiff and was thereby negligent in one or more of the following respects:

      a.      Failing to keep a lookout;

      b.      In following to closing;

      c.      In failing to control speed; and,

      d.      In such other ways as may be proved by the evidence.

34. As a direct and proximate result of the negligence of defendant DeFranco, Willie Darryl Gleen Wilson sustained severe and debilitating injuries that led to his death on August 12th, 2017.

35. As a direct and proximate result of defendant DeFranco's conduct, Willie Darryl Gleen Wilson consciously suffered great physical, mental and emotional pain and anguish, as well as apprehension and fear in the period of time between his recognition and perception of the danger created by defendant DeFranco's tractor/trailer rig approaching him from behind and his ultimate death. As a result of the injuries and damages sustained by Willie Darryl Gleen Wilson, the Estate of Willie Darryl Gleen Wilson, Deceased, is entitled to recover those damages which Willie Darryl Gleen Wilson could have recovered if he would have survived.

## COUNT IV – SURVIVAL – DEFENDANT ALPHA TRANSPORT

36. Plaintiff Mark A. Wilson, as the Personal Representative of the Estate of Willie Darryl Gleen Wilson, Deceased, incorporates by reference the allegations in paragraphs 1 through 35 of this Complaint as though fully set forth below.

37. Defendant Alpha Transport had a legal duty to plaintiff to exercise reasonable care in hiring, retaining, supervising, educating, training and instructing its tractor/trailer rig drivers on the reasonable, safe operation of tractor/trailer rigs.

38. Defendant Alpha Transport by and through its agents, servants and employees, breached its duties to plaintiff and was thereby negligent in one or more of the following respects:

    a. Negligently hiring defendant DeFranco by failing to properly investigate his background, by failing to properly investigate his driving record generally and as a commercial truck driver, by failing to properly investigate his experience and training as a commercial truck driver, by failing to properly test his skills as a commercial truck driver, by failing to properly investigate his previous employment generally and as a commercial truck driver and by failing to properly determine his ability to safely operate a tractor/trailer rig. Plaintiff believes that the allegations of this specific sub-paragraph of negligent hiring of defendant DeFranco by defendant Alpha Transport will likely have evidentiary support after a reasonable opportunity for further investigation and formal discovery;

    b. Negligently training and supervising defendant DeFranco by failing to institute appropriate policies and procedures for the safe operation of defendant Alpha Transport tractor/trailer rigs, by failure to properly train, instruct and supervise defendant DeFranco on the safe operation of his Alpha Transport tractor/trailer rig. Plaintiff believes that the allegations of this specific sub-paragraph of negligent training and supervision of defendant DeFranco by

                defendant Alpha Transport will likely have evidentiary support after a reasonable opportunity for further investigation and formal discovery;

    c.     Failing to keep a lookout;

    d.     In following to closing;

    e.     In failing to control speed; and,

    f.     In such other ways as may be proved by the evidence.

39. As a direct and proximate result of the negligence of defendant Alpha Transport, Willie Darryl Gleen Wilson sustained severe and debilitating injuries that led to his death on August 12, 2017.

40. As a direct and proximate result of defendant DeFranco's conduct, Willie Darryl Gleen Wilson consciously suffered great physical, mental and emotional pain and anguish, as well as apprehension and fear in the period of time between his recognition and perception of the danger created by defendant DeFranco's tractor/trailer rig approaching him from behind and his ultimate death. As a result of the injuries and damages sustained by Willie Darryl Gleen Wilson, the Estate of Willie Darryl Gleen Wilson, Deceased, is entitled to recover those damages which Willie Darryl Gleen Wilson could have recovered if he would have survived.

41. Plaintiff has been injured and damaged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages.

**WHEREFORE**, plaintiffs pray for judgment for compensatory damages against defendants in an amount in excess of seventy-five thousand dollars ($75,000.00),

together with the costs of this action, interest, and other such relief as plaintiffs are entitled pursuant to Kansas law and that the Court may deem appropriate.

          Respectfully submitted,

          **BRAD BRADSHAW, M.D., J.D., L.C.**
          Plaza Towers
          1736 E. Sunshine, Suite 600
          Springfield, MO  65804
          brad@bradbradshaw.com
          (417) 333-3333; FAX (417) 889-9229

          By: _____
                Bradley L. Bradshaw, M.D., J.D.
          Bar Number:
          Kansas .................................... 15801
          Missouri .................................. 41683
          Texas .................................... 789165
          Washington, D.C. ................... 441423
          ***ATTORNEY FOR PLAINTIFFS***

## DEMAND FOR JURY TRIAL

COME NOW plaintiffs and hereby demand a trial by jury on all issues in the above-captioned case.

          **BRAD BRADSHAW, M.D., J.D., L.C.**
          Plaza Towers
          1736 E. Sunshine, Suite 600
          Springfield, MO  65804
          brad@bradbradshaw.com
          (417) 333-3333; FAX (417) 889-9229

          By: _____
                Bradley L. Bradshaw, M.D., J.D.
          Bar Number:
          Kansas .................................... 15801
          Missouri .................................. 41683
          Texas .................................... 789165
          Washington, D.C. ................... 441423
          ***ATTORNEY FOR PLAINTIFFS***